IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON SMITH,                          )
                                      )
         Plaintiff,                   )
                                      )
    v.                                )   Civil No.  14-1194-JAR
                                      )
CAROLYN W. COLVIN,                    )
ACTING COMMISSIONER OF                )
SOCIAL SECURITY,                      )
                                      )
         Defendant.                   )
_____)

## MEMORANDUM ORDER AND OPINION

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff Aaron Smith's application for a period of disability and disability benefits under Title II of the Social Security Act.[1]  Because the Court finds that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms the decision of Defendant Commissioner.

**I.     Procedural History**

On July 13, 2011, Plaintiff protectively applied for a period of disability and disability insurance benefits.  The ALJ determined that his evaluation of impairments prior to February 26, 2010, was precluded by *res judicata* because Plaintiff had filed previous applications for disability benefits and supplemental security income, which were denied in a decision that became final on February 25, 2010.  Accordingly, for purposes of this action, the onset date is February 26, 2010.  Plaintiff was last insured for disability insurance benefits on September 30, 2012.  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff timely

---

[1] 42 U.S.C. §§ 401–434.

requested a hearing before an administrative law judge ("ALJ").  After a hearing, the ALJ issued a decision finding that Plaintiff was not disabled; the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Plaintiff then timely sought judicial review before this Court.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[2]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[4]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[5] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[6]  The Secretary has

---

[2] *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[3] *Id*. (quoting *Castellano*, 26 F.3d at 1028).

[4] *Id.*

[5] 42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[6] *Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

established a five-step sequential evaluation process to determine whether a claimant is disabled.[7]  If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[8]

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not engaged in substantial gainful activity[9] since February 26, 2010.  Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments: a mood disorder secondary to general medical condition with dysthymia and chronic pain, degenerative disc disease of the lumbar and cervical spines, arthritis of the knees, history of a partial amputation of the left heel, and loss of visual acuity in the right eye.   Nor does Plaintiff challenge the ALJ's determination at step three that he does not have an impairment or combination of impairments that meets or equal a listing.  But Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC") at step four based on the ALJ's failure to properly assess the credibility of Plaintiff's subjective complaints of pain.

## IV.     Discussion

### A.     ALJ's RFC

The ALJ determined that Plaintiff has the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) in that he can occasionally lift 10 pounds.  The claimant can sit for approximately 6 hours and stand or walk for approximately 2 hours in an 8-hour day with normal breaks.  The claimant remains able to frequently climb ramps or stairs, but he may never climb ladders, ropes or

---

[7]*Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[8]*Id.*

[9]*See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

>scaffolds. The claimant is able to occasionally balance on level surfaces, stoop, kneel, crouch, and crawl. However, he must avoid exposure to extreme cold and extreme heat, humidity, and vibration, as well as workplace hazards such as unprotected machinery and unprotected heights. The claimant is able to perform work that requires only occasional near and far acuity and no more than occasional peripheral acuity with the right eye such that he is unable to perform work with objects appearing on a belt from the right hand side. The claimant's vision in the left eye is unlimited. The claimant is capable of work limited to simple, routine, and repetitive tasks; involving only simple, work-related decisions; with few, if any, work place changes.

### B.     The ALJ's assessment of Plaintiff's credibility

Plaintiff testified that he is unable to work at all, due to pain in his back, legs and neck. The ALJ found that Plaintiff could perform sedentary work, with limitations, finding that while the evidence is consistent with some degree of pain, it is not consistent with pain to the degree of severity that Plaintiff claims. Plaintiff contends that the ALJ erred in failing to properly analyze credibility in the manner required by SSR 96-7p and that the analysis is not supported by substantial evidence in the record.

SSR 96-7p[10] clarifies when the evaluation of subjective symptoms, including pain, requires the ALJ to determine the credibility of the claimant's statements about such symptom(s). As the ALJ expressly acknowledged and discussed, the ALJ must follow a two-step process to first determine whether there is an underlying medically determinable physical or mental impairment that can be shown by medically acceptable clinical or laboratory diagnostic techniques, and that this impairment could reasonably be expected to produce the claimant's pain

---

[10] SSR 96-7p, 1996 WL 374186 (July 2, 1996).

4

or other symptoms.

Here, the ALJ reviewed the medical evidence,[11] including Dr. Hughey's examination of Plaintiff that revealed significant bone spurs in the right knee and evidence of deformity of the bilateral knees with crepitance. The ALJ found this was evidence that Plaintiff has arthritis of the knees, as Plaintiff claims. The ALJ also considered a September 2011 x-ray of the lumbar spine that revealed grade 2 spondylolisthesis at L5 with spondylolysis, as well as Dr. Hughey's examination findings that Plaintiff has decreased range of motion in the lumbar and cervical spines.

In so doing, the ALJ followed the directives of the Tenth Circuit in *Luna v. Bowen*,[12] and *Frey v. Bowen*,[13] to first consider whether Plaintiff has established a pain-producing impairment by objective medical evidence, and if so, to determine whether there is a loose nexus between the proven impairment and Plaintiff's subjective allegations of pain. The ALJ concluded that there was objective medical evidence establishing impairments that could reasonably be expected to produce pain in the back, neck and legs as Plaintiff alleges.

Having established that Plaintiff's impairments could be expected to produce pain, the ALJ then properly went on to consider whether the pain is in fact disabling. This requires that the ALJ consider all of the evidence, objective and subjective, and to determine the credibility of

---

[11]The ALJ properly did not consider the records of Dr. Curtis, a treating provider who treated Plaintiff prior to the onset date of February 26, 2010; Dr. Curtis's opinions were evaluated and rejected in a final decision that found Plaintiff to not be disabled as of February 25, 2010.

[12]834 F.2d 161, 163–164 (10th Cir.1987).

[13]816 F.2d 508, 512 (10th Cir. 1987).

Plaintiff's subjective complaints about the severity of the pain.[14]  The Tenth Circuit has provided further guidance, that the ALJ should consider such factors as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.[15]

Here, the ALJ thoroughly considered and discussed many of these factors, and concluded that Plaintiff's claims concerning the intensity and severity of the pain were not credible.  First, Plaintiff alleged that the pain in his back and neck was secondary to a car accident in March 2007.  Yet, since that time, Plaintiff had been treated conservatively, with physical therapy, pain medications and a series of three epidural injections.

Second, and significantly, Plaintiff had not seen a physician since June of 2008.  The fact that Plaintiff had not sought medical attention for his pain for more than three years before he filed the application for disability benefits in July 2011, is quite telling.  Plaintiff is only taking over-the-counter medications, which he testified do not provide any relief.  To be sure, as Plaintiff posits, the ALJ must consider proffered reasons for a claimant's failure to seek medical attention, such as financial hardship, or the fact that treatment was either not prescribed, or not efficacious.[16]  And here, the ALJ did properly considered Plaintiff's explanations and excuses for not seeking treatment since June of 2008.  Plaintiff explained that he could not afford to see a

---

[14]*Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)(citing *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987)).

[15]*Id.* at 1489 (citations omitted).

[16]*See Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir.1987).

doctor and that he could not stand in the long lines at the free clinic without exacerbating his pain.  The ALJ found this explanation unavailing, because it was not credible that there were no seats available at the free clinic; and further, Plaintiff could have sought treatment in an emergency room irrespective of his financial condition.  But Plaintiff did not seek medical attention at all.  The Court finds that the ALJ reasonably discredited Plaintiff's testimony that he had no reasonable access to medical services to obtain pain relief.

      The ALJ also considered the nature of Plaintiff's self-reported daily activities, and found that inconsistencies in Plaintiff's two Function Reports and in his testimony were reason to discredit Plaintiff's allegations about the severity of his pain.  In a Function Report dated August 15, 2011, Plaintiff self-reported that he was able to feed his children and change their diapers, with the help of his brother, and that he could prepare simple meals, do light housekeeping, and do laundry for 20-30 minutes a day.   He also reported he could walk 25-50 yards before needing to stop and rest for 15-20 minutes.

      Four months later, in a December 9, 2011 Function Report, Plaintiff self-reported a decline in his activities of daily living, stating that he could not prepare meals, do any housekeeping or laundry, or any child care. He also reported that he could walk only twenty yards before needing to stop and rest for five to ten minutes.  As the ALJ found, there was no evidence supporting Plaintiff's decline in functioning.  And the fact that Plaintiff sought no medical attention during this alleged decline augments the ALJ's conclusion that Plaintiff's claims about the severity of his pain were not credible.

      Notably, during his January 31, 2013 testimony before the ALJ, Plaintiff testified that he could perform no household chores, but did take care of his children, with his brother's

assistance; and that on infrequent occasions, his brother was not present to assist him in childcare.  The sporadic performance of household tasks does not establish that a person is capable of engaging in substantial gainful activity.[17]  But these inconsistencies in Plaintiff's self-reported daily activities were properly relied upon by the ALJ in determining Plaintiff's credibility or lack thereof.

Accordingly, the Court finds the ALJ's credibility analysis followed the proper process and considered the proper factors.  And, the ALJ's findings as to credibility were closely and affirmatively linked to substantial evidence, as required.[18]

**V.     Conclusion**

For the above stated reasons, the Court concludes that in evaluating Plaintiff's physical RFC, the ALJ properly assessed the credibility of Plaintiff's subjective complaints of pain.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: January 29, 2015

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[17]*Thompson v. Sullivan*, 987 F.2d at 1490 (10th Cir.1993) (citations omitted).

[18]*Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995); *Jones v. Astrue*, 500 F. Supp. 2d 1277, 1288–89 (D. Kan. 2007).